

# Fourth Court of Appeals
## San Antonio, Texas

February 3, 2014

No. 04-13-00665-CV

**IN THE INTEREST OF R.S.D.** a child,

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-00894
Honorable H. Paul Canales, Judge Presiding

## O R D E R

Appellant Tamara Bramlett seeks to appeal from a final order terminating her parental rights. An appeal from such an order is accelerated. *See* TEX. FAM. CODE ANN. § 263.405 (West Supp. 2013). The trial court entered the final order of termination on July 17, 2013. Because this is an accelerated appeal, the notice of appeal was due on August 6, 2013. *See* TEX. R. APP. P. 26.1(b) (requiring notice of appeal to be filed within twenty days after the judgment is signed in an accelerated appeal). A motion for extension of time to file the notice of appeal was therefore due on August 21, 2013. *See* TEX. R. APP. P. 26.3 (providing a fifteen-day grace period after the deadline for filing notice of appeal). Appellant filed a *pro se* notice of appeal on September 18, 2013, well after the deadlines for filing the notice of appeal and motion for extension of time to file the notice of appeal had expired. *See id.* Accordingly, we issued an order instructing appellant to show cause in writing why this appeal should not be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Appellant, again acting *pro se*, responded in writing stating that the untimely filing of her notice of appeal was due to the fact that she did not receive notice of the signed judgment terminating her parental rights until September 9, 2013, when she received a copy from the CPS case worker; she stated that she never received a copy of the signed judgment from the court or her appointed attorney. *See* TEX. R. CIV. P. 306a(3) (trial court clerk is required to give notice to the party or her attorney by first-class mail that the final judgment was signed).

Generally, once the period for granting a motion for extension of time under Rule 26.3 has passed, a party can no longer invoke the appellate court's jurisdiction. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). However, Rule 4.2 of the Rules of Appellate Procedure creates an exception in situations where a party affected by a judgment or appealable order does not receive notice from the trial court clerk within twenty days after the judgment is signed as required by Rule of Civil Procedure 306a(3), and does not acquire actual knowledge of the judgment within twenty days of its signing. *See* TEX. R. APP. P. 4.2. Under those circumstances, Rule 4.2(a) provides that the time period for filing a notice of appeal does not begin to run until the date the party receives notice or acquires actual knowledge of the signing of the judgment, whichever is earlier. TEX. R. APP. P. 4.2(a). Subsection (b) of Rule 4.2 provides that the

procedure for obtaining additional time is for the party to prove in the trial court, on sworn motion and notice, that the date on which the party or her attorney first received notice or acquired actual knowledge of the signed judgment was more than twenty days after the judgment was signed. TEX. R. APP. P. 4.2(b) (incorporating TEX. R. CIV. P. 306a(5)). Finally, subsection (c) of Rule 4.2 states that, "[a]fter hearing the motion, the trial court must sign a written order that finds the date when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment or order was signed." TEX. R. APP. P. 4.2(c).

In light of the nature of this case as a parental termination appeal, we liberally construe appellant's *pro se* response to our show cause order as a Rule 4.2 motion for additional time to perfect her appeal based on lack of notice of the trial court's signed judgment. TEX. R. APP. P. 4.2; TEX. R. CIV. P. 306a(4). For good cause, we suspend the requirement of Rule 306a(5) that the request for additional time be made by sworn motion filed in the trial court. *See* TEX. R. APP. P. 2; TEX. R. CIV. P. 306a(5).

Accordingly, it is ORDERED that this appeal is ABATED to the trial court for a period of **thirty (30) days** to permit the trial court to hold a hearing on appellant's motion and enter written findings determining the date on which appellant or her attorney first either received notice of the signed judgment or acquired actual knowledge of the signing of the judgment, in accordance with Rule 4.2. TEX. R. APP. P. 4.2(b), (c); TEX. R. CIV. P. 306a(4), (5). It is further ORDERED that the trial court clerk prepare and file a supplemental clerk's record containing the trial court's written findings and order, and that the court reporter prepare and file a reporter's record of the hearing, in this court **within thirty (30) days** from the date of this order. All other appellate deadlines are suspended pending further order of the court.

Finally, attorney of record for appellant, David Kaliski, is advised that he is the attorney of record for appellant and must continue to represent appellant's interests throughout resolution of this jurisdictional matter and, if jurisdiction is resolved in favor of appellant, throughout the course of her appeal. Therefore, the trial court is INSTRUCTED to require Mr. Kaliski to appear at the hearing on appellant's motion.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 3rd day of February, 2014.

_____
Keith E. Hottle
Clerk of Court